UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN MOZ-AGUILAR,<br><br>   Plaintiff,<br><br>  v.<br><br>CIOLLI, et al.,<br><br>   Defendants. | **1:21-cv-00883-GSA-PC**<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING SUIT**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO RESPOND TO THIS ORDER** |

**I. BACKGROUND**

Julian Moz-Aguilar ("Plaintiff") is a federal prisoner proceeding *pro se* with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). On June 3, 2021, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) It appears on the face of Plaintiff's Complaint that he has not exhausted his administrative remedies pursuant to the Prison Litigation Reform Act, 41 U.S.C. § 1997 (e)(a), before filing this lawsuit.

**II. EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

1

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741.  From the face of Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

The Federal Bureau of Prisons has established an administrative remedy process through which an inmate can seek formal review of an issue related to any aspect of his confinement. See 28 C.F.R. § 542.10(a). Generally, to exhaust available administrative remedies within this system, an inmate must proceed through four levels: (1) seek informal resolution on a BP-8 form, see 28 C.F.R. § 542.13; Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010); (2) make a formal administrative remedy request to the Warden on a BP-9 form, see 28 C.F.R. § 542.14; (3) if not satisfied with the Warden's decision, appeal to the Regional Director on a BP-10 form, see 28 C.F.R. § 542.15; and (4) if not satisfied with the Regional Director's response, appeal to the General Counsel on a BP-11 form, see id.  A final decision from the Office of General Counsel exhausts the BOP's administrative remedy process. Id.

### III. DISCUSSION AND ORDER

Plaintiff alleges in the section of the Complaint titled "Administrative Remedies" that he filed an "administrative tort claim." (ECF No. 1 at 3 ¶ 5.) Attached to the Complaint are copies of the tort claim Plaintiff submitted to the Federal Bureau of Prisons (BOP) and the response from the BOP dated March 26, 2021. (Id. at 7-18). Plaintiff also claims that there are no administrative remedies available at his institution. (Id. at 3 ¶ 5.) Thus, it appears on the face of the Complaint that Plaintiff failed to exhaust his administrative remedies before filing suit. Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

### ORDER TO SHOW CAUSE

In light of the foregoing analysis, Plaintiff is HEREBY ORDERED to respond in writing to this order, within **thirty (30) days** of the date of service of this order, showing cause why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit. **Failure to respond to this order may result in the dismissal of this case.**

IT IS SO ORDERED.

Dated: **February 22, 2022**                              /s/ Gary S. Austin
                                                                      UNITED STATES MAGISTRATE JUDGE